UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN RAYMOND BILLIOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3054** |
| **SGT. LARRY DYESS, CYNTHIA M. CIMINO, BRETT BREAVERS, STEPHEN SADOWSKI, BILLY LEWIS, RYAN SINGLETON** | **SECTION "C"(4)** |

## ORDER AND REASONS

Plaintiff, Melvin Raymond Billiot, is a prisoner currently incarcerated in the Jefferson Parish Correctional Center. He is a frequent filer of frivolous lawsuits in the federal courts. Billiot filed the instant complaint pursuant to 42 U.S.C. § 1983 against the defendants, Sergeant Larry Dyess, Cynthia M. Cimino, Brett Beavers, Stephen Sadowski, Billy Lewis, Ryan Singleton. (Rec. Doc. No. 1). Billiot alleges that he received ineffective assistance of counsel during his criminal trial, evidence of the crime scene was manipulated, and under a broad reading, he was wrongly convicted of murder. He seeks monetary compensation and requests that the State drop the charges against him and that his attorney be disbarred.

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as

frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court's records establish that Billiot has filed ten civil lawsuits in this district alone. At least four of his prior civil complaints, filed while he was incarcerated, were dismissed as frivolous and/or for failure to state a claim. These include, but are not limited to, the following: *Billiot v. Correct Care Health*, Civ. Action 12-648"I"(5); *Billiot v. Mercadel*, Civ. Action 14-2514"C"(5); *Billiot v. Sullivan*, Civ. Action 14-2748"C"(1); and *Billiot v. Mercadel*, Civ. Action 14-2745"I"(2). In addition, Billiot has previously been barred from proceeding with a civil complaint as a pauper in this Court pursuant to 28 U.S.C. §1915(g) in *Billiot v. Cynthia Cimino*, Civ. Action 15-1981"J"(3).

Billiot has not alleged or shown that he is under imminent danger of serious physical injury that would excuse the bar to his proceeding as a pauper. Billiot, therefore, is not entitled to proceed in forma pauperis pursuant to the provisions of § 1915(g). Accordingly,

**IT IS ORDERED** that Billiot's motion to proceed in forma pauperis (Rec. Doc. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana this   3rd   day of August, 2015.

$\overline{\phantom{XXXXXXXXXXXXXXXXXX}}$
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**